```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND
```

UNITED STATES OF AMERICA         :

    v.                               :   Criminal No. DKC 19-452-1

NJUH VALENTINE FOMBE             :

**MEMORANDUM OPINION**

Magistrate Judge Timothy J. Sullivan ordered Njuh Valentine Frombe detained after holding a detention hearing on June 14, 2023. (ECF No. 102). Thereafter, he denied a motion for reconsideration. (ECF No. 106). Defendant filed the pending motion for review of that order. (ECF No. 110). The court directed the parties to file whatever information each wished the court to review because, while *de novo* determination is required, a hearing is not. (ECF No. 111), citing *United States v. Martin*, 2020 WL 1274857 (D.Md. March 17, 2020). Neither party filed supplemental materials. Based on a *de novo* review of the earlier filed written material and after listening to the recording of the detention hearing held on June 14, 2023, the court concludes that detention is warranted, in that, based on a preponderance of the evidence, there are no conditions or combination of conditions that will reasonably assure his appearance as required.

Pursuant to 18 U.S.C. § 3142(g), the court considers information concerning four factors: the nature and circumstances of the offense charged, the weight of the evidence, the history and characteristics of the person (including character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol use, criminal history, record concerning appearance at court proceedings, and whether the person was on probation or other form of release at the time of the current arrest), and the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

Mr. Fombe, a citizen of Cameroon, was indicted in September 2019, although the case was sealed as to him until December 4, 2019.  Although he knew of the search of his house just after the indictment in September 2019, he left the United States, for Mexico he asserts, later traveling to Honduras.  He was eventually arrested in the United Kingdom on June 16, 2022, and extradited to the United States.  His initial appearance did not occur until August 8, 2022.  He consented to detention at that time due, in part, to a detainer from North Carolina.  That detainer remains in force, although Mr. Fombe asserts that he has been assured that he would not be detained in North Carolina if released by this court. After leaving the United States, Mr. Fombe used a Honduran passport

with a false identity, *i.e.* a fraudulently obtained genuine passport, to travel to and from the United Kingdom and Cameroon. The Government believes he engaged in a new scheme of unemployment fraud while abroad.

    Mr. Fombe proposes his brother as a third-party custodian, and his brother, sister, and aunt have agreed to post their homes as collateral. He says he has no history of violence and compares his alleged criminal responsibility with others involved in the conspiracy. He proffers that he left the United States because he was told of the tactics used by law enforcement during the execution of the search warrant and he feared "harm" in police custody. He says that he and his extended family have "built a life" in the United States and that he ultimately wants to remain here. His wife and American born children reside in the United Kingdom.

    This is not a close case. Mr. Fombe has demonstrated that he has the wherewithal to flee, using false documentation, and to travel to myriad foreign countries. While he has some family here, his immediate family remains overseas. The collateral proposed is insufficient to offset these concerns. He is charged in this court with a serious fraud, and may face charges for a separate fraud scheme allegedly carried out while these charges were already pending. The North Carolina charges arise from an allegedly fraudulent traffic accident and insurance fraud. When arrested

3

previously in 2018, he had many cards in his possession bearing different names, and his photo.  Although he may have been here legally before this arrest, his ability to remain is in serious doubt.  His bare promise to appear, even financially supported by the property of family members and the willingness of one to serve as a third-party custodian, pale in comparison to his own past conduct and the multiple fraud schemes alleged in the pending charges here and in North Carolina.  The possibility of additional charges increases his incentive to flee.

There are no conditions, or combination of conditions, that will reasonably assure his presence as required.  For the foregoing reasons, based on a *de novo* review, the detention order IS CONFIRMED.  A separate order will follow.

                                                          /s/
                                      DEBORAH K. CHASANOW
                                      United States District Judge